MAURICE SCHLESINGER and HERBERT HERMAN, complainants-respondents,

*v.*

MICHAEL APPELBAUM, defendant-appellant.

[Submitted October 31st, 1927.    Decided February 6th, 1928.]

1. The evidence in this case fails to establish that defendant was misled by complainants, by false representation, which induced him to enter into the contract upon which this suit is based.

2. The said contract is not uncertain with respect to the disposition of the building and loan shares collaterally pledged for payment of mortgage to be assumed by purchaser.

3. The evidence fails to show acquiescence by complainants to a rescission or abandonment of contract by defendant.

---

On appeal from the court of chancery.

*102 N. J. Eq.*        Schlesinger *v.* Appelbaum.

*Mr. Sidney A. Bierman* and *Mr. Frank E. Bradner,* for the appellant.

*Mr. Philip J. Schotland,* for the respondents.

The opinion of the court was delivered by

McGLENNON, J.

This is an appeal from a final decree of the court of chancery, directing the defendant-appellant to specifically perform his agreement of April 20th, 1926, with complainants-respondents, for the purchase of certain property, known as 242-246 Lyons avenue, Newark, New Jersey.

The record discloses that on April 17th, 1926, Herman & Company, agents of the complainants, and owners of an adjoining property, entered into an agreement with the defendant, Michael Appelbaum, whereby they agreed to sell to the defendant the premises known as 242-246 Lyons avenue, Newark, New Jersey, and received from the defendant a preliminary deposit of five hundred ($500) dollars. Time was to be of the essence of this contract, and title was to be closed on June 1st, 1926. In this preliminary agreement, Herman & Company guaranteed that a moving picture theatre would be erected next to the building being sold, and in the event that the theatre was not erected, the deposit of five hundred ($500) dollars paid by the defendant would be returned to him.

On April 20th, 1926, a formal agreement for the sale of the premises was entered into by the complainants, the owners of the property, and the defendant. This formal contract contained all the terms and conditions of the sale, and agreed to convey the premises to the defendant, and defendant agreed to purchase, subject to the terms and conditions stated therein. This contract was duly signed by the parties and properly attested. The consideration mentioned in this agreement was forty-seven thousand eight hundred ($47,800) dollars, and one thousand ($1,000) dollars of this amount was paid on the execution of the agreement. Time was to be of the essence, and June 1st, 1926, was agreed upon as the date to

consummate the sale, but subject to terms, the time was to be extended to July 1st, 1926. In this formal agreement, no mention is made of the guaranty of Herman & Company with reference to the erection of a moving picture theatre next to this particular property. The defendant when called upon to perform his agreement refused, and complainants filed a bill for specific performance.

The defendant admits the agreement and his refusal to perform, and sets up several matters by way of avoidance, alleging false representations in that all the stores and flats were rented, when such·was not a fact; that complainants had represented that they were going to put up a large theatre next to the property being sold to him; that the cellar was full of water; that the New York and New Jersey Telephone Company had been granted the right to erect poles and wires in front of and abutting this property, and that the contract was uncertain in that it did not make any provision for the assignment of the building and loan shares to the purchaser; that complainants had acquiesced in the rescission of the contract by the defendant, and put in a counter-claim for the return of the deposit money and expenses of searching title. The vice-chancellor, before whom the case was heard, without any formal opinion, decided these issues mainly of fact, adversely to the defendant, and granted the decree aforesaid for the complainants.

The only grounds of appeal specified and argued and here considered are those respecting the alleged false representation, uncertainty of contract as to assignment of building and loan shares, and the claim of acquiescence in rescission of agreement.

From our examination of the evidence, we find no proof of any representation by complainants as alleged. On the contrary, it expressly appears that complainants refused to make any guaranty as to the erection of a theatre, and defendant himself was prevailed upon to seek advice of counsel as to the wording and exact content of the contract. Defendant then disregarded counsel's advice and entered into the agreement with full knowledge of the absence of the clause dealing with the erection of the theatre. Under such cir-

cumstances, defendant cannot successfully maintain that he was misled. The fact that the agents who receipted for the original deposit money made such representation in the receipt, given before the making and execution of the formal contract between the principals, cannot bind complainants in the face of the acceptance by the defendant of a contract with this alleged representation eliminated.

Nor do we think the contract uncertain by reason of its failure to expressly provide in words for an assignment of the building and loan shares. It is clearly provided that the purchaser shall assume and pay the building and loan mortgage and pay to the seller the then value of the shares, or "whatever money is credited in the building and loan as back shares," and that such amount be included in the purchase-money mortgage to be given. The buyer was also obligated to continue payment of the future installments on the shares by the provision for defaulting the purchase-money mortgage, "in case default is made in the payment of two monthly installments of principal and interest of the building and loan mortgage." And further provision is made for apportionment and adjustment of the exact amount of the purchase-money mortgage as of the day of delivery of the deed, by inclusion therein of the adjustment upon the building and loan mortgage. It is thus evident that the purchaser should pay for and become owner of the shares upon receiving a conveyance of the premises, and thereafter assume the position of the seller and original mortgagor with respect to these shares. Equity will consider that to be done which clearly ought to be done, and will enforce the doing thereof as may be required.

The facts in this case distinguish it from those in *Street* v. *Harris, 93 N. J. Eq. 83,* upon which appellant relies. In that case there was an entire disregard of any provision respecting the building and loan shares or crediting of amounts paid in or for future payments thereon. In that case, too, there appeared that the purchaser was entitled to assume a mortgage of an expressed face value, which had been partially reduced, and no provision was made as to the application of the reduced amount towards payment of the purchase-

money.  There, too, there was no meeting of the minds as to the manner of payment of a portion of the purchase price, nor application on the building and loan shares.  Here, however, we find full provision made and the intent of the parties to be clear.

There is no acquiescence apparent from the evidence on the part of complainants to the refusal of defendant to perform. On the contrary, it conclusively appears that complainants insisted upon performance and defendant for a considerable period made endeavors to secure concessions, for the purpose of adjusting or settling the entire matter.

The decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  15.

*For reversal*—None.